EULOGIO, JOSEFINA, ALFONSO, LUZ MARÍA, ANTONIO, LUCÍA MERCEDES y RAFAEL ANGEL RIERA BENGOECHEA, demandantes y apelados, *v.* JOSÉ VEGA, demandado y apelante.

Núm. 7480.—*Sometido:* Marzo 8, 1939. *Resuelto:* Mayo 16, 1939.

*Susoni & Defendini,* abogados del apelante; *V. Gutiérrez Franquis,* abogado de los apelados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

█ █ Éste es un caso sobre *injunction* para impedir la reparación de una casa, resuelto en contra del demandado por la Corte de Distrito de San Juan por sentencia de marzo 27, 1935.

Apeló el dicho demandado y su primera actuación ante esta Corte Suprema lo fué en febrero, 8 1937, para pedir la concesión de un nuevo término para radicar en la secretaría de la corte de distrito "la exposición del caso y el pliego de excepciones" para dejar perfeccionado el recurso.

En marzo 10, 1937, esta corte negó la petición. Solicitó reconsideración el apelante y oídas ambas partes en abril 19 siguiente, la corte, ocho días después, dejó sin efecto su anterior resolución y concedió a la apelante un nuevo término de cinco días para radicar la documentación indicada.

Archivada la transcripción en la Secretaría de esta Corte Suprema en mayo 29, 1937, y los alegatos del apelante y del apelado en julio 12, 1937, y mayo 13, 1938, respectivamente, los demandantes apelados presentaron una moción alegando cierto error en la exposición del caso y pidiendo a esta corte que dictara una orden concediendo al demandado apelante un término razonable para corregirlo. El dicho demandado apelante se allanó y la corte en mayo 13, 1938, suspendió la vista que estaba señalada para ese día y ordenó la devolución de la exposición del caso al tribunal sentenciador a los fines procedentes.

En febrero 15, 1939, se señaló la vista del recurso para marzo 8 siguiente y el mismo día del señalamiento los demandantes apelados presentaron una moción notificada al demandado apelante pidiendo la desestimación del recurso por falta de diligencia en su tramitación consistente en no haber el apelante practicado gestión alguna para corregir y unir nuevamente a los autos la exposición del caso y por resultar académico el recurso por haber vendido los demandantes apelados al Pueblo de Puerto Rico el terreno en que estaba enclavada la casa en cuestión, haber cedido el demandado apelante a su esposa, al divorciarse de ella, la casa, y haber la esposa a su vez vendido la casa así adquirida al propio Pueblo de Puerto Rico, acompañando la documentación creditiva de dichos extremos.

Al acto de la vista comparecieron los demandantes apelados. El demandado apelante faltó en comparecer.

A nuestro juicio la falta de diligencia por parte del apelante en la tramitación del recurso es evidente. Si la propia parte apelante se allanó a la devolución de la exposición del caso a la corte de distrito a los efectos de que fuera per-

feccionada y nada hizo después, faltó en colocar a esta Corte Suprema en condiciones de resolver en sus méritos su apelación, dentro de un término razonable, y debe sufrir las consecuencias de sus actos.

*En tal virtud y sin necesidad de tener que considerar el segundo de los motivos de desestimación por ser el primero suficiente, debe declararse con lugar la moción y en su consecuencia desestimarse el recurso con las costas.*

El Juez Asociado Sr. De Jesús no intervino.